# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DUANE EARL FANNING, III (AIS: 263799), | * * * |
| Plaintiff, | * * |
| vs. | * CIVIL ACTION NO.13-00538-WS-B |
| COI L. GRAHAM, | * * * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

Plaintiff Duane Earl Fanning, III, an Alabama inmate who is proceeding *pro se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), along with a motion to proceed without prepayment of fees (Doc. 2). Fanning's motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that Fanning's motion be denied and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Section 1915(e)(2)(B)(i) provides that an action shall be dismissed if the action is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty

1

of perjury. Such a misrepresentation "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." Thompson v. Quinn, No. 3:11cv533/RV/EMT, 2012 U.S. Dist. LEXIS 183282, * 1, 2012 WL 6761569, at *1 (N.D. Fla. December 4, 2012) (unpublished) (collecting cases), adopted, 2013 U.S. Dist. LEXIS 700, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (upholding a 1915(g) strike in an action where an inmate was dismissed for abusing the legal process because he lied under penalty of perjury about a prior lawsuit); Harris v. Warden Hardee CI, 498 Fed. App'x 962 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished)[1] (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S. Ct. 2050, 185 L. Ed. 2d 890 (Apr. 29, 2013); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); Young v. Secretary Fla. Dep't of Corr., 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant §

3

1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

This Court has taken judicial notice of its records, which reveal that Fanning has failed to disclose his inmate litigation history, including Fanning v. Voyles, Case No. 12-3684-CLS-JEO (Alabama Northern District – Filed: October 23, 2012), Fanning v. Johnson, Case No. 13-1957-VEH-HGD (Alabama Northern District – Filed: October 23, 2013), Fanning v. Cunningham, Case No. 13-1988-SLB-HGD (Alabama Northern District – Filed: October 29,

2013), and Fanning v. Howard, Case No. 13-537-CG-N (Alabama Southern District – Filed: October 31, 2013).[2]

In the present action, the Court finds that the Court required form complaint completed by Fanning expressly requested information regarding his litigation history, and notwithstanding the fact that the requested information was available to him, Fanning chose not to provide it to the Court. Fanning represented that he has not filed any other complaints regarding prison conditions and then knowingly signed the complaint under penalty of perjury. (Doc. 1)

In Rivera, *supra*, the district court determined that where the plaintiff had abused the judicial process, when under penalty of perjury, he lied about his prior litigation history, it was appropriate to accord him a "strike" for purposes of future IFP eligibility. Id., 144 F.3d at 731. In affirming the district court's award of a strike against the prisoner plaintiff, the Rivera court reasoned that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process [was]

---

[2] In addition, Fanning has failed to disclose cases involving similar allegations including, Fanning v. Bullard, Case No. 13-539-CG-C (Alabama Southern District – Filed: November 1, 2013) and Fanning v. Jones, Case No. 13-541-KD-B (Alabama Southern District – Filed: November 1, 2013), which were both filed on the same date as the instant complaint.

5

precisely the type of strike that Congress envisioned when drafting section 1915(g). Congress sought to curtail "abuse of the federal judicial system[.]" Id. (internal citations and quotations omitted). Relying on Rivera, the Eleventh Circuit, in Pinson v. Chipi, affirmed the district court's issuance of a strike based on its finding that the plaintiff abused the judicial process when, in signing his complaint under penalty of perjury, he failed to list two prior federal cases that he had filed within a month of filing the present action. 2011 U.S. App. LEXIS 26553 (11th Cir. Feb. 2, 2011).

In both Rivera and Pinson, the Courts found that failing to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process and in such situations it is appropriate to assign a strike for purposes of future IFP eligibility. Accordingly, because Fanning knowingly misrepresented his litigation history in his complaint, which was signed under of penalty of perjury (Doc. 1), it is recommended that his Motion to Proceed Without Prepayment of Fees (Doc. 2) be **DENIED**, that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that action be counted as a strike for purposes of future IFP eligibility under § 1915(g), in that it is malicious.

6

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **December, 2013.**

                                           /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**